## Vaugh, Jr., v. White

*Quinn, Leemhuis, Plate & Dwyer*, for plaintiff.
*Marsh, Spaeder, Baur & Spaeder*, for defendant.

LAUB, J., December 12, 1950.—Plaintiff filed this action in trespass to recover damages to his automobile resulting from the alleged negligence of defendant. He pleads the amount of his repair bill without specifying the items of damage in particular. Defendant, by preliminary objection, desires to have this matter set forth in detail.

Pa. R. C. P. 1019, which deals with the subject matter to be averred in complaints, does not touch upon this point. The old practice seems to have been that items of repair had to be specifically pleaded. See 3 Standard Pa. Practice 416, §185. This, although tending to complicate pleadings to some degree and therefore somewhat in contravention of the modern theory of streamlined pleading, is the common sense view. Conceivably, a defendant may wish to concede liability but contest. with vigor the amount of damage claimed. The unfortunate tendency of some litigants to seek advantage over a responsible defendant by hav-

ing unnecessary repairs made at defendant's expense makes this view a mandatory one.

And now, to wit, December 12, 1950, defendant's first and third preliminary objections are dismissed; defendant's second preliminary objection is sustained, plaintiff to file an amended complaint within 15 days containing the desired information.